UNITED STATES, Appellee

v.

ROBERT L. BENTLEY, Airman, Third Class, U. S. Air Force, Appellant

3 USCMA 625, 14 CMR 43

COL Kenneth B. Chase, USAF, and CAPT D. L. Carhart, USAF, for Appellant.

LT COL Harold Anderson, USAF, and CAPT Giles J. McCarthy, USAF, for Appellee.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

This cause is before us following our grant of the petition for review filed by the accused. Two issues were framed. One of the issues is controlled by our holding in United States v. Thompson, 3 USCMA 620, 14 CMR 38, decided this day, and the other is governed by the principle found in United States v. Floyd, 2 USCMA 183, 7 CMR 59.

Accused was found guilty by a general court-martial of assault with intent to commit murder and unlawfully carrying a concealed weapon, both in violation of Article 134, Uniform Code of Military Justice, 50 USC § 728. He was sentenced to be dishonorably discharged from the service, to forfeit all pay and allowances, and to be confined at hard labor for six years. Intermediate reviewing authorities have affirmed the findings but reduced the term of confinement.

While in London, England, on November 1, 1952, the accused attempted to engage a taxicab. Because he appeared to be intoxicated, Mr. Nathan Levine, the cab driver, refused to accept him as a passenger. The accused drew a small pistol, pointed it at the cab driver, and threatened to shoot him. A scuffle between the two ensued, the accused broke away from the encounter and ran. Mr. Levine pursued him and when he had reduced the distance separating the two to some four feet, the accused turned and fired once at his pursuer. The shot went wild and shortly thereafter the accused was captured by a passing police constable.

For the reasons stated in the Thompson case, supra, we hold that carrying a concealed weapon is an offense proscribed by Article 134, Uniform Code of Military Justice, supra. Furthermore, we find the evidence is sufficient to support that offense. In this instance the weapon was used for an illegal purpose and we have an apt illustration of the harmful potentialities which would exist if the indiscriminate carrying of lethal weapons by persons subject to military control was legalized.

With respect to the offense of assault with intent to commit murder, the Government concedes that the law officer's instructions were erroneous. In United States v. Floyd, supra, we held that where the offense charged was assault with intent to murder, the conviction must rest upon an intent to kill, and that an instruction which broadened the offense to include an intent to inflict grievous bodily harm was prejudicial. Here the same all-inclusive instruction was given, and the error requires reversal on one specification.

The lesser offense of assault with a dangerous weapon was submitted by the law officer to members of the court-martial. They having found the accused guilty as charged, it follows that all the elements involved in that lesser offense were considered by them as established beyond a reasonable doubt. Under Article 59(b), Uniform Code of Military Justice, 50 USC § 646, we may, and hereby do, affirm so much of the finding of guilty as involves the lesser included offense of assault with a dangerous weapon. United States v. Hunter, 2 USCMA 37, 6 CMR 37; United States v. Long, 2 USCMA 45,

6 CMR 45. However, it is desirable that a board of review reconsider the appropriateness of the sentence in the light of the reduction.

The finding of the board of review as to the specification alleging an unlawful carrying of a concealed weapon is affirmed. Its finding as to the specification of assault with intent to commit murder is reversed and findings on the lesser offense of assault with a dangerous weapon are affirmed. The case is remanded to The Judge Advocate General of the Air Force for referral to a board of review for reconsideration of the sentence.

Judge BROSMAN concurs.

Chief Judge QUINN concurs in the result.