UNITED STATES, Appellant

v

GORDON FRANK BLUEL, Private,
U. S. Marine Corps, Appellee

10 USCMA 67, 27 CMR 141

No. 11,989

Decided November 28, 1958

*Major Ted H. Collins*, USMC, argued the cause for Appellant, United States.

*Lieutenant (jg) John P. Fray*, USNR, argued the cause for Appellee, Accused.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused entered a plea of guilty before a special court-martial to a number of charges alleging violations of the Uniform Code of Military Justice. Among the charges is one alleging that he unlawfully carried a "concealed weapon, to wit: An Addresso 15,

straight razor" at the USO building, Oceanside, California. On review, the board of review held that while a straight razor may be so used as to become a dangerous weapon, it was not "per se" such a weapon and it was not "designed" as one; consequently, it held that the specification failed to state an offense. Pursuant to Article 67(b)(2), Uniform Code of Military Justice, 10 USC § 867, The Judge Advocate General of the Navy requested this Court to review the legal sufficiency of the specification.

Carrying a concealed weapon under circumstances to the discredit of the armed services is a violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. United States v Thompson, 3 USCMA 620, 14 CMR 38; United States v Bentley, 3 USCMA 625, 14 CMR 43. The question then is whether, in the absence of an allegation of improper *use*, a straight razor is a weapon whose concealment on the person would fall within the prohibition of Article 134, supra.

A straight razor is, of course, not designed for use as a weapon. However, it is "naturally considered a dangerous instrument." See 19 Encyclopedia Britannica, page 3. And it is readily capable of use as a weapon. Its character as a dangerous but innocent instrument, or as a weapon, depends upon the surrounding circumstances. In other words, whether a particular object is a weapon is often a question of fact. American Jurisprudence points out, in commenting on cases construing particular State statutes, that sometimes the matter is considered from the standpoint of whether the concealed instrument is one "of a class not ordinarily carried about the person for personal convenience." 56 Am Jur,

Weapons and Firearms, § 2, page 991. The same idea was expressed by the Court of Appeals of Kentucky in upholding a conviction for carrying a concealed razor under the Kentucky statute. The court said:

"Counsel's contention that a razor could not come within the scope and purview of this law, though confessedly a most deadly weapon, because it was designed for a lawful purpose, is not well taken. When, and while used, as intended for use, as an article of toilet, it is not, nor need not be concealed, but the man who carries it upon his person hidden from the public view, arms himself with a weapon deadly in its nature and merciless in its power to do harm, and is, in our opinion as guilty of a violation of the law as he who so carries the pistol, dirk or the sling-shot, . . ." [Truax v Commonwealth, 14 Ky Law Rep 299, cited with approval in Williams v Commonwealth, 304 Ky 761, 202 SW2d 408, 409 (1947).]

The specification in issue alleges that the razor was carried "unlawfully" as a "concealed weapon." Although not designed for use as a weapon, the prosecution could show that the razor was, in fact, carried as a weapon under circumstances reflecting discredit upon the armed services. The specification, therefore, is sufficient to state an offense under the Uniform Code.[1] Accordingly, we answer the certified question in the affirmative.

The decision of the board of review is reversed. The record of trial is returned to The Judge Advocate General of the Navy for further proceedings consistent with this opinion.

Judge LATIMER concurs.

Judge FERGUSON concurs in the result.

---

[1] By his plea of guilty the accused admitted the truth of the charge and thereby relieved the Government of the burden of adducing evidence to support it. United States v Reams, 9 USCMA 696, 26 CMR 476. There is nothing in the record of the proceedings to show that the plea was improvident. United States v Welker, 8 USCMA 647, 25 CMR 151; cf. United States v Washington, 9 USCMA 131, 25 CMR 393.