UNITED STATES, Appellant

v

LEE M. HOLLAND, Lieutenant, U. S. Navy, Appellee

12 USCMA 444, 31 CMR 30

No. 14,891

July 21, 1961

*Lieutenant Commander Raymond O. Kellam* argued the cause for Appellant, United States.

*Captain John P. Gibbons* argued the cause for Appellee, Accused.

ROBERT E. QUINN, Chief Judge:

A general court-martial at Pensacola, Florida, convicted the accused of a number of violations of the Uniform Code of Military Justice and sentenced him to dismissal from the service. A divided board of review set aside all but one finding of guilty and reduced the sentence to the loss of 200 unrestricted numbers. The accused's petition for further review was denied, but the case is before us on certificate of The Judge Advocate General requesting review of the following issues:

"1. Did the Board of Review err in holding that Specifications 1 and 2 of Charge III failed to allege offenses under Article 133, UCMJ?

"2. Did the Board of Review err in holding that the conduct shown by the evidence relating to Specification 2 of Charge IV did not amount to a violation of Article 134, UCMJ?"

Each specification of Charge III alleges that the accused conducted himself "wrongfully and indecently." Specification 1 particularizes the general allegation by averring that in March 1960 the accused induced an enlisted technician to disrobe in his presence and to pose in various stages of undress; the details of specification 2 are to the effect that on April 14, 1960, the accused attempted to induce a Navy personnelman to disrobe in his presence. At trial, defense counsel moved to dismiss both specifications on the ground that neither stated an offense. The law officer denied the motion. On review the accused reiterated the challenge to the specification, and it was sustained by the board of review.

The board of review reasoned that the words "wrongfully and indecently" were insufficient to show ██ the criminal nature of the accused's acts. In our opinion, the board of review gave too little effect to the significance of the allegation. Under some circumstances a particular act may be entirely innocent; under other conditions, the same act constitutes a violation of the Uni-form Code. United States v Bluel, 10 USCMA 67, 27 CMR 141; United States v Lowe, 4 USCMA 654, 16 CMR 228. The board of review properly noted that the word indecently "denotes action morally offensive," but it considered the averment itself insufficient to show "how or in what manner" the act charged was indecent. What the majority of the board of review disregarded, but what Member Davis, the dissenting member, properly stressed, is that the allegation actually defines the character of the accused's act. Recently, we pointed out in a very similar situation dealing with the word "lascivious," which is synonymous with "indecent," that the term "excludes any possibility that the accused's behavior was accidental or that the conduct charged could reasonably be interpreted as innocent." United States v Gaskin, 12 USCMA 419, 31 CMR 5. An officer who induces an enlisted person to pose in the nude in his presence under indecent conditions unquestionably conducts himself in a manner unbecoming an officer and a gentleman. We conclude, therefore, that the board of review erred in holding that specifications 1 and 2 of Charge III are legally insufficient. Accordingly, we answer the first certified question in the affirmative.

Turning to the second certified issue, the specification of Charge IV under consideration alleges that, in violation of Article 134 of the Uniform Code of Military Justice, 10 USC § 934, the accused committed an indecent, lewd and lascivious act by "grabbing" certain parts of the anatomy of another male officer. Government counsel contends the board of review held that, "as a matter of law," no offense was established. The contention has some support in the language of the principal opinion of the board of review, but there are other statements which indicate the decision was actually based upon the factual determination that the circumstances under which the act was committed did not constitute prejudice to the good order and discipline or reflect discredit upon the services. Thus, the principal opinion observes

**445**

that "Board members as well as triers at the trial forum [must] be convinced beyond a reasonable doubt by clear and convincing evidence before affirming guilt." This is the language of the fact finder. It is well established that a finding of fact by the █ board of review supported by substantial evidence in the record of trial is not reviewable by this Court. United States v Moreno, 6 USCMA 388, 20 CMR 104. Since the record of trial must be returned to the board for consideration of the factual sufficiency of the evidence to support specifications 1 and 2 of Charge III, we need not attempt to resolve the ambiguity as to specification 2 of Charge IV. Cf. United States v Judd, 10 USCMA 113, 27 CMR 187; United States v Gebhart, 10 USCMA 606, 28 CMR 172. No answer, therefore, is required to the second certified issue.

The decision of the board of review is reversed. The record of trial is returned to The Judge Advocate General of the Navy for submission to the board of review for reconsideration in the light of this opinion.

Judge FERGUSON concurs.