## UNITED STATES

### v.

Private First Class Andrew JESSIE, 423–64–8477, U. S. Army, Headquarters and Headquarters Battery, 1st Battalion, 35th Field Artillery, Hunter Army Airfield, Georgia 31409.

### CM 434915.

U. S. Army Court of Military Review.

Sentence Adjudged 8 April 1976.

Decided 3 Jan. 1977.

Carr, JAGC; LTC John R. Thornock, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Clement L. Hyland, JAGC; CPT Gary F. Thorne, JAGC; COL Thomas H. Davis, JAGC.

Before CARNE, MITCHELL and MOUNTS, Appellate Military Judges.

## OPINION OF THE COURT

CARNE, Senior Judge:

The appellant was convicted by general court-martial of willfully disobeying his superior commissioned officer, assaulting a fellow soldier with a dangerous weapon, carrying a concealed weapon, and assaulting a military policeman in the execution of his office in violation of Articles 90, 128, 134 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 890, 928, 934 and 928, respectively. The convening authority approved the sentence adjudged as indicated above.

Defense appellate counsel assert that there was insufficient evidence to support the findings of guilty under the Additional Charge alleging assault upon a military policeman in the execution of his office. Although the evidence of record clearly establishes that the appellant was abusive, vociferous and extremely belligerent when the military police were placing him in a cell at the MP station, we are not convinced beyond a reasonable doubt of the appellant's guilt of an actual assault. These findings of guilty must, therefore, be set aside.

Counsel for the appellant also allege that the military judge erred by failing to treat Charge II (assault with a dangerous weapon) and Charge III (carrying a concealed weapon) as multiplicious for sentencing purposes. We do not agree. In our view the appellant's conduct in these two events did not merge into a single integrated transaction for sentencing as contemplated by the United States Court of Mili-

Appellate Counsel for the Accused: CPT Michael B. Dinning, JAGC; CPT John C.

tary Appeals in the *Harden* case.* We conclude that these offenses are separate not only because of the difference in elements of proof but in addition, different societal standards are involved. The obvious purpose of the legislative condemnation of aggravated assault is to protect individuals from physical harm to their person, whereas the gravamen of the offense of carrying a concealed weapon is the prevention of society as a whole from unlawful acts brought about by the ready availability of dangerous weapons. *United States v. Thompson*, 3 U.S.C.M.A. 620, 14 C.M.R. 38 (1954); *United States v. Bentley*, 3 U.S.C.M.A. 625, 14 C.M.R. 43 (1954). These are two entirely different and distinctly separate norms and in our view the military judge properly treated these offenses as separate.

■ In another assigned error defense counsel cite the failure of the military judge to personally remind the appellant of his right to remain silent during the extenuation and mitigation portion of the proceedings as required by paragraph 53*h*, Manual for Courts-Martial, United States, 1969 (Revised edition) (Chg 1). This was error. *United States v. Hawkins*, 25 U.S.C.M.A. 23, 54 C.M.R. 23, 2 M.J. 23 (1976). However, the trial judge did remind the appellant of his right to make a sworn or unsworn statement and thereafter the appellant made an unsworn statement which overall was most favorable to his interests. Under these circumstances we do not find a fair risk of prejudice, particularly in view of the relatively light sentence adjudged.

■ Defense appellate counsel also contend that Charge I (willful disobedience of a superior commissioned officer in violation of Article 90, Uniform Code of Military Justice) should have been treated as an offense under Article 95 (breach of arrest) because the sole purpose of the order was to effect a status restricting the appellant's freedom of movement citing *United States v. Nixon*, 21 U.S.C.M.A. 480, 45 C.M.R. 254 (1972). We conclude that this contention is without merit because, we find that the appellant was already in a status of arrest at the time of the incident in question.

On the date in question, the officer was staff duty officer for the appellant's battalion. At 2330 hours, the staff duty officer received a call from the military police requesting that he proceed to the MP station and pick up the appellant who was then in their custody. Before proceeding the staff duty officer called the appellant's first sergeant and it was agreed that the staff duty officer would pick up the appellant that night and the first sergeant would take custody of the appellant from the staff duty officer early the next morning. The staff duty officer then proceeded to the station, signed a release form, picked up the appellant and commenced the drive back to the battalion headquarters. Enroute, the appellant asked to be dropped off at Montgomery Gate but the staff duty officer told him, no, he was going to stay at "battalion" until the first sergeant picked him up on the following morning. The appellant told the staff duty officer he would not stay there and requested permission to telephone the battery commander. This request was granted but the commander could not be reached. The staff duty officer then called the first sergeant again and the appellant talked to him complaining that he (the appellant) should not have to remain there overnight. The first sergeant told him that he should stay there and he would be picked up in the morning. The appellant was told by the staff duty officer three separate times that he would remain at the battalion headquarters and also that sleeping facilities were available in the building but nonetheless, shortly after the last telephone call, the appellant departed heading toward Montgomery Gate. The staff duty officer immediately telephoned the MPs, stating the appellant had been signed over to the staff duty officer's custody and requested that he be apprehended. The staff duty officer considered that the appellant was

* *United States v. Harden*, 24 U.S.C.M.A. 76, 51 C.M.R. 249, 1 M.J. 258 (1976).

under his custody. Under these circumstances we agree that the appellant was properly in the custody of the staff duty officer and the order to remain in the headquarters building was given to reinforce the status already in existence and was not given to create the status. There was no mention made of apprehension, restriction, arrest, or confinement and we find no evidence that the order was given as the initial step toward establishing a new status. To the contrary we find that the appellant's unauthorized departure from the building was a violation of an independent lawful command. *United States v. Smith*, 21 U.S. C.M.A. 231, 45 C.M.R. 5 (1972). *United States v. Nixon, supra,* and *United States v. Burroughs,* 49 C.M.R. 404 (A.C.M.R.1974), are factually distinguishable.

We note that the appellant did not receive a copy of the record of trial prior to the action of the convening authority. This is error. *United States v. Cruz-Rijos,* 24 U.S.C.M.A. 271, 51 C.M.R. 723, 1 M.J. 429 (1976). However, the trial defense counsel examined the record well before the action and also was afforded the opportunity to submit matters to the convening authority in rebuttal to the post-trial review. In fact, he and the individual civilian counsel submitted a Petition for Clemency for the convening authority's consideration prior to taking action in the case. Under these circumstances we conclude the appellant suffered no prejudice from this error.

The findings of guilty of the Additional Charge and its specification are set aside and that charge is dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence based on the foregoing and the entire record, the Court affirms only so much of the sentence as provides for a dishonorable discharge, confinement at hard labor for ten (10) months, and forfeiture of all pay and allowances.

Judge MITCHELL and Judge MOUNTS concur.

UNITED STATES

v.

Private E-1 Joseph L. BERRY, 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, U. S. Army, Company B, 3d Battalion, Academy Brigade, Academy of Health Sciences, Fort Sam Houston, Texas 78234.

SPCM 12073.

U. S. Army Court of Military Review.

Sentence Adjudged 3 March 1976.

Decided 19 Jan. 1977.

