880

UNITED STATES

v.

**Jory STATON, Seaman Apprentice,
U.S. Coast Guard.**

CGCMS 23996.

Docket No. 969.

U.S. Coast Guard Court of
Military Review.

30 Dec. 1991.

Trial Counsel: LT Arne O. Denny, USCG.

Civilian Defense Counsel: Susan S. Mc-Lean, Esquire.

Detailed Defense Counsel: LT Keith N. Hamilton, JAGC, USNR.

Appellate Defense Counsel: LCDR G Arthur Robbins, USCG.

Appellate Government Counsel: LCDR Charles J. Bennardini, USCG.

Before Panel One, BAUM, BRIDGMAN and SHKOR, Appellate Military Judges.

PER CURIAM:

Appellant was tried by a special court-martial composed of officer and enlisted members. Pursuant to his plea of guilty, Appellant was convicted of one specification of failure to obey an order issued by Commanding Officer, U.S. Coast Guard Support Center Kodiak, Alaska by wrongfully introducing, possessing and drinking alcoholic beverages in his BEQ room, in violation of Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892. Contrary to his pleas, he was convicted of one specification of failure to obey a lawful general order by introducing alcoholic beverages into a Government vehicle in violation of Article 92, UCMJ; one specification of furnishing alcohol to a person under 21, one specification of committing indecent acts by taking pictures of a partially nude female seaman apprentice, and one specification of communicating a threat, all in violation of Article 134, UCMJ, 10 U.S.C. § 934; one specification of dereliction of duty in violation of Article 92, UCMJ; and one specification of marijuana use in violation of Article 112a, UCMJ, 10 U.S.C. § 912a.

The Court sentenced Appellant to a bad conduct discharge, confinement for one month and reduction to pay grade E-1, which the Convening Authority has approved. Before this Court, Appellant has assigned three errors: that there was insufficient evidence to support his conviction of committing an indecent act by taking pictures of the partially nude female seaman apprentice; that there was insufficient evidence to support his conviction for

marijuana use; and that the sentence was increased as a direct result of his convictions of these two crimes for which there was inadequate evidence. As for the second assignment of error, we find the evidence sufficient to support the conviction. That evidence convinces us beyond a reasonable doubt of Appellant's guilt of marijuana use as alleged. The first and third assignments are another matter, however.

■ The evidence with respect to the alleged offense of committing indecent acts by taking pictures of the partially nude seaman apprentice includes testimony of the events of the evening, testimony concerning the reason for taking the pictures, and the photographs themselves. That evidence convinces us that the acts of taking the pictures did not meet the Manual for Courts–Martial "indecent" test. The photographs certainly may be considered repugnant to common propriety, which is one aspect of the Manual for Courts–Martial definition of indecent. They show a young woman clad only in panties, passed out in one photograph, vomiting into a toilet in three of the others and standing in a dazed condition in the remaining pictures. They do not, in our view, meet the full test of indecency because they do not "tend to excite lust and deprave the morals with respect to sexual relations," as called for by paragraph 90c, Part IV, Manual for Courts–Martial, 1984. Certainly, that result was not intended when the photographs were taken, according to testimony. All the evidence indicates that the young woman became extremely drunk while in the company of Appellant and his roommate in their BEQ room. They testified that she got sick and threw up in their bathroom. Also, according to their testimony, in her inebriated state, she removed her clothes, while at the same time insisting that she was not drunk. Both Appellant and his roommate said the photographs were taken only to prove to her later how drunk she was. The photographs do, in fact, reflect her inebriated condition rather than tending to excite lust. We do not believe the offense alleged has been proven; i.e., the act of taking photographs in the circumstances of this case is not indecent within the meaning of Article 134, UCMJ. As a result, we will set aside that conviction and reassess the sentence.

■ Upon reassessment of the sentence in light of the disapproved finding, we are convinced that, absent this offense, the Court would not have imposed a sentence which included a punitive discharge. In this regard, we find it of more than passing interest that, after deliberating for a time on the sentence, the Court returned to ask the judge whether the Court could impose a general discharge. The judge correctly responded that a bad conduct discharge was the only discharge the Court was authorized to adjudge. Thereafter, that discharge was awarded as part of the Court's sentence. We believe, as asserted in assignment of error III, that the offense we have found to be deficient contributed significantly to the resulting punitive discharge.

The conviction of specification 3 of Charge VI which alleges indecent acts by taking photographs of a partially nude female seaman apprentice is set aside and the specification is dismissed. The remaining findings of guilty are affirmed. After reassessment of the sentence, in light of the reduced findings of guilty, the bad conduct discharge is set aside. The remainder of the sentence approved by the Convening Authority, which includes confinement for one month and reduction to pay grade E–1, is affirmed.

Chief Judge BAUM and Judges BRIDGMAN and SHKOR concur.