**UNITED STATES**

v.

**Technical Sergeant Kim M. DAYF., FR244–17–6936.**

**Misc. Dkt. No. 93–07.**

U.S. Air Force Court of Military Review.

2 June, 1993.

Appellate Counsel for the United States: Captain Jane M.E. Peterson (argued), Colonel Richard L. Purdon, and Lieutenant Colonel Jeffery T. Infelise.

Appellate Counsel for the Appellee: Major Mary C. Yastishock (argued), Colonel Terry J. Woodhouse, and Lieutenant Colonel Frank J. Spinner.

Before O'HAIR, SNYDER and GRUNICK, Appellate Military Judges.

OPINION OF THE COURT

SNYDER, Judge:

This is an appeal by the Government from a ruling of the military judge below granting a defense motion to dismiss Charge I and the Additional Charge and their respective specifications. *See* Article 62, UCMJ, 10 USC § 862 (1988); R.C.M. 908. The Government avers the military judge erred as a matter of law in dismissing the affected specifications. We agree and reverse the military judge's ruling.

Appellee is charged with committing indecent acts with another and two specifications of adultery, both in violation of Article 134, UCMJ, 10 USC § 934 (1988).[1] Only the charges alleging the indecent acts concern us. The specification of Charge I reads, in part, as follows:

> Did, at or near Andrews AFB, MD, ... wrongfully commit indecent acts with Sgt [LMG] by videotaping and/or knowingly participating in a videotaping of various sexual intercourse positions between himself and Sgt [LMG] and videotaping and/or knowingly participating in a videotaping of Sgt [LMG] performing oral sex on him, both without the knowledge and consent of Sgt [LMG].

With the exception of a different partner and date, the specification of the Additional Charge alleges similar misconduct. In an Article 39(a), UCMJ, session, appellee moved to dismiss Charge I and the Additional Charge for failure to state an offense. The colloquy leading to the military judge's granting of the motion follows:

> DC: The issue comes down to whether or not the videotaping in and of itself is an indecent act and can subsequently be charged under Article 134.... And it's the defense's position that the act of videotaping is not in and of itself indecent, and it must be the act itself not the

1. Although indecent acts with another and adultery are violations of Article 134, UCMJ, the Government below pleaded them under separate charges, rather than as separate specifications under a single violation of Article 134. *See* R.C.M. 307(c)(2). However, for purposes of this appeal, that need not detain us.

contents which must be indecent in order to bring an indecent act charge under Article 134.

\*　　\*　　\*　　\*　　\*　　\*

TC: First of all, your honor, it's not the videotaping here that the government is alleging is the indecent act. It's not the videotaping in and of itself. The videotaping without the females' knowledge and consent.

\*　　\*　　\*　　\*　　\*　　\*

Again, it's not the sexual intercourse that is the basis of the indecent acts it's the sexual intercourse that was videotaped without the females' knowledge and consent. So it's a videotaping without the knowledge and consent that is the basis for Charge I and the Additional Charge.

MJ: The Motion to Dismiss is granted because an indecent act requires a touching. Since the government's philosophy doesn't deal with touching here the videotaping cannot support a [sic] indecent acts given the charging also of the adultery.

At a subsequent session, trial counsel requested the military judge reconsider his decision in light of this Court's decision in *United States v. Hansen*, 36 M.J. 599 (A.F.C.M.R.1992). The military judge granted trial counsel's motion for reconsideration and, upon reconsideration, adhered to his prior ruling. The military judge ruled *Hansen* distinguishable on its facts and ruled *United States v. Jackson*, 30 M.J. 1203 (A.F.C.M.R.1990) was still the controlling precedent on whether the commission of an indecent act with another required a touching. He stated,

> To illustrate this another way I'd like to pose a hypothetical. If a peeping Tom surreptitiously observes and possibly videotapes a couple engaged in sexual activities that peeping Tom has not committed an indecent act. This rule is that which is stated in the *Jackson* case. The peeping Tom in this example has not acted with anyone. And this is also the situation we still have in this case. There is no allegation that the accused acted with

either of these women as to the videotaping. I adhere to my ruling.

Thereafter, trial counsel duly filed notice of the Government's intent to appeal the ruling. All conditions precedent having been met, the matter is properly before us for decision. R.C.M. 908.

Appellant's brief asserts two bases for concluding the military judge erred as a matter of law: (1) when he determined that an indecent act requires a touching, and (2) when he determined that the accused and the women were not acting in conjunction or participating with the accused while he was surreptitiously videotaping the activity. During oral argument, appellant urged an unequivocal overruling of *Jackson*. As additional support for its position that the specification alleges an offense, appellant also asserts that appellee's videotaping of the events in question rendered *arguably* nonactionable private conduct sufficiently public to constitute indecency.

Appellee counters by arguing *Jackson* is still viable precedent regarding indecent acts with another, *vis-a-vis* indecent acts or liberties with children, *Hansen* notwithstanding. Further, appellee argues, to find indecency solely on the basis of an absence of consent will constitute the crafting of a new, heretofore nonexisting, offense under Article 134, for which no reasonable person could have notice. In holding the military judge erred, we opt for a position between those of the parties.

I

PRESENCE OR ABSENCE OF PHYSICAL CONTACT

As mentioned by the *Jackson* majority, one reason for the uncertainty in this area is that most of the precedents involving an indecent act with another without touching have dealt with the offense as a lesser included offense of indecent acts/liberties with a child, which specifically excludes touching as an element. MCM, Part IV, paragraph 87b(2) (1984). *See, e.g., United States v. Thomas*, 25 M.J. 75 (C.M.A.1987), *United States v. Ramirez*, 21 M.J. 353 (C.M.A.1986) and cases cited therein. As a

result, appellate courts willingly have sustained an indecent act without a touching when it involved children, as reflected in *Thomas*, where the Court stated,

> The fact that the participants here *were children is evidence* that the nude dancing was indecent, but the proof of "indecent acts" does not include an element that the participants be children.

*Thomas*, 25 M.J. at 77 n. 4 (emphasis added).

The only other case which squarely holds touching not required to commit an indecent act is *United States v. Murray–Cotto*, 25 M.J. 784 (A.C.M.R.1988), *pet. denied*, 26 M.J. 322 (C.M.A.1988). However, the *Jackson* majority specifically rejected *Murray–Cotto's* holding on facts similar to those in *Jackson*, in part, because the precedents relied on involved children. *Jackson*, 30 M.J. at 1205. Interestingly, we find a similar fallacy with the *Jackson* majority's rationale: It, too, relies on the elements of indecent acts/liberties with a child, and we believe unnecessarily so.

As part of its rationale for concluding touching is necessary to commit an indecent act with another, the *Jackson* majority stated,

> [W]e view the framers of the Manual for Courts–Martial as artful drafters. A page or two earlier in the Manual, they addressed the Article 134 offense of indecent acts/liberties with a child. They provided that "physical contact is not required." By the logic of *exclusio unis*, physical contact still must be necessary for the offense of indecent acts with an adult. Had the drafters intended something different, they clearly knew how to say so.

*Jackson*, 30 M.J. at 1205 (citations omitted). This is where we conclude the rationale loses its persuasiveness. The elements of the entirely separate offense of indecent acts with another are sufficiently clear to apply without resorting to and grafting in the elements of indecent acts/liberties with children.

■ The elements of an indecent act with another are:

(1) the accused committed a certain wrongful act *with* a certain person; (2) the act was indecent; and (3) that, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

MCM, Part IV, paragraph 90b (1984) (emphasis added). We believe the common meaning of the word, "with," includes situations without actual physical contact as well as those involving contact or touching. *See* Webster's Ninth New Collegiate Dictionary (1990). Further, we do not view our conclusion as being at odds with earlier precedents, as indicated in *United States v. Holland*, 12 U.S.C.M.A. 444, 31 C.M.R. 30 (1961).

While quite mindful that *Holland* involved conduct unbecoming an officer and a gentleman, it nonetheless sheds light on the issue. Lieutenant Holland was charged with conducting himself wrongfully and indecently by inducing an enlisted person to disrobe in his presence and to pose in various stages of undress, and attempting to induce an enlisted person to disrobe in his presence. The issue was whether the affected specifications stated an offense under Article 133, but the Court clearly approached the issue from the perspective of whether an indecency was adequately pleaded:

> What the majority of the board of review disregarded ... is that the allegation [of indecency] actually defines the character of the accused's act.... An officer who induces an enlisted person to pose in the nude in his presence *under indecent conditions* unquestionably conducts himself in a manner unbecoming an officer and a gentleman.

*Holland*, 12 U.S.C.M.A. at 445, 31 C.M.R. at 31 (emphasis added).

We hold the military judge erred in dismissing Charge I and the Additional Charge solely on the basis of an absence of touching. As indicated in *Hansen*, this Court no longer finds persuasive the rationale in *Jackson* that a touching is required to commit an *indecent act with another*

and that the other person must be a principal or co-actor. *Hansen*, 36 M.J. at 609. The absence of a touching will not, alone, preclude a finding of guilty, regardless of the age of the other party involved with the perpetrator.[2] Further, the military judge also erred in analogizing appellee's act to those of a peeping Tom. Appellee surreptitiously videotaped sexual acts he arranged and in which he participated. Such is not the detached nonparticipatory · act of a peeping Tom.[3]

## II

## OVERALL SUFFICIENCY OF THE SPECIFICATION

■ Having determined the absence of an allegation of a touching, alone, does not vitiate the specifications in question, we must now determine the overall sufficiency of the specifications. The essence of the specifications, stripped of their surplusage, is appellee surreptitiously videotaped various sexual acts involving himself and two partners, one military of lesser rank, and the other a civilian.

A specification is sufficient if it alleges every element of the charged offense expressly or by necessary implication. R.C.M. 307(c)(3). It must be sufficiently clear and definite to give an accused notice of the offense to be defended against, and protect an accused against future prosecution for the same offense. *United States v. Williams*, 21 M.J. 330 (C.M.A.1986). The sufficiency of a specification generally is determined from the four corners of the specification itself.

Indecent is defined as,

that form of immorality relating to sexual impurity which is not only grossly vulgar, obscene, and repugnant to common propriety, but tends to excite lust and deprave the morals with respect to sexual relations.

MCM, Part IV, paragraph 90c (1984). When tested against the elements of indecent acts with another, and this definition of indecency, we are constrained to conclude that the specification does not fail *on its face*. First, appellant and appellee agree that otherwise innocent or noncriminal acts can be rendered wrongful by the surrounding circumstances. *United States v. Wilson*, 13 M.J. 247 (C.M.A.1982); *United States v. Woodard*, 23 M.J. 514, 516 (A.F.C.M.R.1986). Second, the Government's allegation that the surreptitious videotaping was indecent connotes wrongfulness by appellee. *Holland*, 31 C.M.R. at 31. Third, the few precedents remotely addressing the issue are not so settled that we may conclude, *as a matter of law*, that surreptitious or nonconsensual photographing or videotaping of nudity, etc., is not an offense. *See, e.g., United States v. Staton*, 34 M.J. 880 (C.G.C.M.R.1991).[4] This is especially so where the specifications present the possibility of a lesser offense of a disorder under Article 134. Finally, the specifications are clearly sufficient to inform appellee of the offense he must face and to allow appellee to claim prior jeopardy for similar acts falling within the alleged timeframe.

We do not agree with appellee's argument that there is insufficient constitutional notice of potential criminality under Article 134. *Parker v. Levy*, 417 U.S. 733, 755, 94 S.Ct. 2547, 2561, 41 L.Ed.2d 439 (1974).

2. We disagree with the *Jackson* majority's rationale, and not necessarily its result.

3. If no physical contact is required for commission of an indecent act with another, then what precludes every indecent exposure from being charged as the greater offense of indecent act? It is the requirement that the act be "with another." There must be active participation by another person. Although we do not subscribe to the implication in *Jackson* that the other person essentially must be an accomplice or co-actor, neither do we accept the other extreme represented by *Murray–Cotto*, which views involun-

tary observation as participation. *Thomas*, 25 M.J. at 77 n. 4.

4. The Coast Guard Court set aside findings of committing an indecent act by photographing a partially nude, intoxicated female while vomiting into toilet and after she passed out. The Court concluded the photographs did not tend to excite lust and deprave morals with respect to sexual relations, but showed only the "model's" inebriated condition. There is no indication that taking photos could never constitute the offense. *United States v. Staton*, 34 M.J. 880, 881 (C.G.C.M.R.1991).

**718**

Appellee allegedly was engaged in potentially nonprotected activity at the time of the videotaping, *i.e.*, adultery. In view of his surreptitious videotaping under these circumstances, we believe it is reasonable to conclude appellee was on notice his conduct was potentially service discrediting.

The specifications are sufficient to allow the Government to attempt to prove them. The military judge erred by dismissing the Charge and the Additional Charge and their respective specifications. Accordingly, his ruling is reversed. The record is returned to the military judge for further proceedings not inconsistent with this opinion. R.C.M. 908(c)(3).

Senior Judge O'HAIR, and Judge GRUNICK concur.