UNITED STATES

v.

Airman First Class James B. EBERLE, FR187–68–6516 United States Air Force.

ACM 30637.

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 15 April 1993.

Decided 16 Feb. 1995.

Appellate Counsel for Appellant: Colonel Jay L. Cohen, Lieutenant Colonel Frank J. Spinner, and Major George F. May.

Appellate Counsel for the United States: Colonel Jeffery T. Infelise, Colonel Thomas E. Schlegel, and Captain Timothy G. Buxton.

Before HEIMBURG, RAICHLE, and BECKER, Appellate Military Judges.

## OPINION OF THE COURT

BECKER, Judge:

This case requires us to again consider, among other issues, how much victim involvement is necessary before the offense of indecent exposure becomes the offense of indecent acts with another. The military judge accepted the appellant's pleas of guilty to two specifications of indecent acts and one specification of disorderly conduct, all violations of Article 134, UCMJ.[1] Officer members then sentenced the appellant to a bad-conduct discharge, confinement for two years, forfeiture of all pay and allowances, and reduction to E–1. Appellant asserts seven assignments of error, including claims that his guilty pleas were improvident. We find no error and affirm.

## I. INDECENT ACTS WITH ANOTHER

During the *Care*[2] inquiry into the appellant's guilty pleas to the indecent acts specifications, the appellant admitted he had masturbated in a public ladies restroom on two occasions in November 1992, in the presence of different women (Amy W and Patricia E). In each case, he admitted trying to block the woman from leaving the restroom until he finished masturbating. With Amy, he squeezed her breast with his free hand as she pushed by him. In Patricia's case, she broke a finger at some point during her struggle to get past the appellant.

---

1. 10 U.S.C. § 934 (1988).

2. *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247, 1969 WL 6059 (1969).

 Appellant now claims his pleas were improvident, as his admissions amount only to the offense of indecent exposure and not that of indecent acts. He argues the offense of indecent acts requires more physical involvement of the victim than was present with either woman here. We disagree.

We begin our analysis with *United States v. Murray–Cotto,* 25 M.J. 784 (A.C.M.R.), *pet. denied,* 26 M.J. 322 (C.M.A.1988). In *Murray–Cotto,* the Army court relied on precedent concerning the offense of indecent acts with *children* (primarily *United States v. Thomas,* 25 M.J. 75 (C.M.A.1987)) to affirm a conviction for indecent acts with *another,* where the accused had masturbated in the presence of a 17–year–old woman. That court held that no physical contact between the accused and his victim was necessary, and the accused's acts of forcing the victim to the side of a road with his car and shouting at her before masturbating satisfied the participatory requirement implicit in the offense of indecent acts "with" another.

In *United States v. Jackson,* 30 M.J. 1203 (A.F.C.M.R.1990), this Court found the accused's guilty plea to indecent acts with another to be improvident, and set aside his conviction for that offense. Airman Jackson had masturbated in the view of an adult woman in the base library, following her to keep himself in her line of sight as she tried to walk away. In *Jackson,* we rejected *Murray–Cotto* and its reliance on precedent involving acts with children. Instead, we interpreted the Manual for Courts–Martial to require "physical contact" between perpetrator and victim as essential to the offense of indecent acts with an adult. Because there was no contact between Jackson and his victim, we concluded that he had only committed the lesser-included offense of indecent exposure.

In *United States v. Hansen,* 36 M.J. 599 (A.F.C.M.R.1992), we revisited *Jackson* and *Murray–Cotto,* and changed our view of this issue. Among other acts of sexual abuse, Sergeant Hansen had masturbated in the presence of his 16–year–old daughter. We affirmed Hansen's conviction of indecent acts with another, holding that "an indecent act with another may be committed without touching." In doing so, we relegated the contrary language in *Jackson* to the status of "dicta." 36 M.J. at 609.

The most recent installment in this Court's treatment of this issue is *United States v. Daye,* 37 M.J. 714 (A.F.C.M.R.1993). Among other allegations, Sergeant Daye was charged with indecent acts with different women by secretly videotaping his sexual intercourse with them. The military judge dismissed these specifications as failing to state offenses, relying on *Jackson.* The government appealed under Article 62, UCMJ.[3] In reversing the military judge, we put to rest any lingering notions about the continued vitality of *Jackson*'s analysis, and expressly harmonized the law of indecent acts *with another* with that for indecent acts *with a child:*

> [T]his Court no longer finds persuasive the rationale in *Jackson* that a touching is required to commit an *indecent act with another* and that the other person must be a principal or co-actor. [Citation omitted]. The absence of touching will not, alone, preclude a finding of guilty, regardless of the age of the other party involved with the perpetrator. [Footnote omitted].

In a footnote to the *Daye* opinion, we also sought to illustrate the difference between offenses of indecent acts and those of indecent exposure. We asked the question, "[i]f no physical contact is required ... then what precludes every indecent exposure from being charged as the greater offense of indecent act?" We answered that question as follows:

> It is the requirement that the act be "with another." There must be *active participation by another person.* Although we do not subscribe to the implication in *Jackson* that the other person essentially must be an accomplice or co-actor, neither do we accept the other extreme represented by *Murray–Cotto,* which views involuntary observation as participation. [Citation omitted].

37 M.J. at 717 n. 3 (emphasis added).

If there is any question whether this *Daye* footnote is mandatory authority or mere dic-

**3.** 10 U.S.C. § 862 (1988).

tum, we resolve it by adopting the footnote as the basis of our decision here. We hold that, to be an indecent act "with" another person, regardless of age, there must be active participation by that other person. Such active participation need not involve physical touching, but it must be more than just involuntary observation. *See also United States v. McDaniel,* 39 M.J. 173 (C.M.A. 1994) (surreptitious videotaping of nude recruits is a disorder under Article 134 and, for punishment purposes, is closely related to "indecent acts with another" where accused instructed recruits to disrobe, change positions, and bounce up and down).

Under this standard, the appellant's admitted actions with Amy W and Patricia E easily qualify as indecent acts "with" them. In each instance, the appellant's attempt to obstruct his victim's exit until he finished his performance satisfied the requirement for "active participation." The addition of physical contact between the appellant and each woman merely compounded the already complete offense. Appellant's guilty pleas to indecent acts were provident.

## II. DISORDERLY CONDUCT

■ According to the stipulation of fact admitted during the *Care* inquiry, the disorderly conduct specification involved the appellant in the same ladies room. One day in November 1992, Connie W was using the restroom and noticed a stall was locked, but no feet were visible. She left the ladies room, but returned a while later. The stall was still locked, but with no visible occupant. She checked back several more times, with the same result. Eventually, she suspected there was a man in the stall. Accompanied by a female co-worker, Connie returned to the ladies room and asked "Is anyone in there?" In response, a throat cleared from inside the stall. In Connie's judgment, this sound had a distinctly masculine timbre and confirmed her suspicions. She kicked in the stall door, and discovered the appellant masturbating. Connie began yelling obscenities at the appellant, who then ejaculated on the wall and Connie's clothing. Appellant fled the ladies room, walked down the hallway, and left the building into the parking garage.

Connie went with him, cursing, hitting, and kicking him along the way.

Appellant admitted these facts, under oath, during the *Care* inquiry. He believed his conduct was "disorderly," and tended to harm the reputation of the service or to lower it in public esteem. So do we. MCM, Part IV, ¶¶ 60c(3), 73c(2) (1984). Appellant's guilty plea to disorderly conduct was provident.

## III. REMAINING ISSUES

■ Appellant contends the military judge committed plain error by allowing trial counsel to make an improper sentencing argument, and permitting inadmissible testimony from an expert witness in the prosecution's rebuttal sentencing case. Neither qualifies as plain error. *See United States v. Fisher,* 21 M.J. 327 (C.M.A.1986). Therefore, the defense's failure to object waived the issues. Rules for Courts–Martial 905(d), 1005(f); Mil.R.Evid. 103(a)(1), (d).

■ Appellant alleges his defense counsel and the trial counsel entered into an unlawful *sub rosa* pretrial agreement, whereby the appellant agreed to plead guilty in exchange for the trial counsel's promise to argue for no more than 18 months confinement. This is rebutted by the posttrial affidavits of the trial counsel and assistant trial counsel. More importantly, both sides informed the military judge that no pretrial agreements existed, and expressly disavowed "[a]ny kind of deal or understanding, or condition, or off-the-record or under-the-table deals on either side." This was done on the record, in the appellant's presence, with no objection from him. Under these circumstances, the appellant's posttrial assertions do not justify questioning his otherwise provident guilty pleas. *United States v. Cooke,* 11 M.J. 257 (C.M.A. 1981); *United States v. Caylor,* 40 M.J. 786 (A.F.C.M.R.1994).

■ Finally, the appellant argues his sentence is inappropriately severe. We do not

agree. *See United States v. Healy,* 26 M.J. 394 (C.M.A.1988).

The findings and sentence are correct in law and fact. Accordingly, they are

AFFIRMED.

Senior Judges HEIMBURG and RAICHLE concur.