## UNITED STATES

v.

**Marlon R. JOHNSON, Jr., Sergeant (E–5), U.S. Marine Corps.**

**NMCCA 200101153.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 15 March 2001.

Decided 29 March 2005.

Lt Marcus N. Fulton, JAGC, USN, Appellate Defense Counsel.

Capt Glen Hines, USMC, Appellate Government Counsel.

Capt Thomas J. Demay, JAGC, USNR, Appellate Government Counsel.

Before DORMAN, Chief Judge, PRICE, Senior Judge, and SUSZAN, Appellate Military Judge.

SUSZAN, Judge:

A military judge sitting as a general court-martial convicted the appellant, in accordance with his pleas, of obstruction of justice, indecent acts with another, and wrongfully providing alcohol to a *minor and thereafter* failing to provide medical attention, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The appellant was sentenced to confinement for 24 months, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority approved the sentence as adjudged, but suspended confinement in excess of 8 months in accordance with a pretrial agreement.

We have carefully considered the record of trial, the appellant's two assignments of error, and the Government's response. We conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

### Improvident Plea

■ The appellant asserts in his first assignment of error that his plea to an indecent act with another was improvident as he was merely an observer and not a participant. We disagree.

The appellant and two other male Marines took two females to a hotel in Hobart, Australia. All drank alcohol. At one point the appellant entered a room while one of the other Marines, Corporal (Cpl) Malone, was having sex with one of the females. The appellant chose to lean back on the wall and voluntarily watch the two have sex for a few minutes. During that time the appellant said to Malone, "that's my dog," to which the appellant heard Cpl Malone reply, "I'm handling my business." Record at 35.

The elements of the offense are simple:

(1) That the accused committed a certain wrongful act with a certain person;

(2) That the act was indecent; and,

(3) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

MANUAL FOR COURTS-MARTIAL, UNITED STATES (2000 ed.), Part IV, ¶ 90b.

The only matter in dispute is the requirement that the act be committed "with" a certain person. The appellant asserts that this element is not satisfied because he was merely an observer and not an active participant with another person. The appellant emphasizes the requirement of *active participation* as addressed in *United States v. Eberle*, 41 M.J. 862 (A.F.Ct.Crim.App.1995), in which the court explained, "active participation need not involve physical touching, but it must be more than just involuntary observation." *Id.* at 865 (citing *United States v. McDaniel*, 39 M.J. 173 (C.M.A. 1994)). In *McDaniel*, our superior court found the act of videotaping nude women who acted pursuant to the appellant's instructions to be analogous to the offense of committing indecent acts with another person. Technical Sergeant McDaniel was an Air Force recruiter who concocted a scheme to videotape female applicants in the nude by using a camcorder that he covertly placed in a storage room. He would instruct the recruit to go into the room, disrobe, and stand on a scale to be weighed. The court concluded "[i]t is *appellant's participation* with the recruits in the admittedly indecent acts—that is, his *instructing* them to disrobe, to change positions, and to bounce up and down—that satisfies the elements of this offense." *McDaniel*, 39 M.J. at 175 (emphasis in original)(citing *United States v. Thomas*, 25 M.J. 75, 77 (C.M.A.1987)).

We find the appellant's reliance on *Eberle* misplaced. Although we agree that active participation is required, the appellant's actions amounted to more than involuntary observation. The verbal interaction between the appellant and Cpl Malone is akin to the verbal interaction between Technical Sergeant McDaniel and the female recruits. In *McDaniel*, the appellant verbally instructed the recruits to pose nude in various positions so he could videotape then and later observe

the display. In the appellant's case, the common meaning of his verbal exchange with Cpl Malone was to encourage or praise the sexual display he was observing at the time. We see little distinction between the verbal directions given in *McDaniel* and the verbal praise or encouragement given in the appellant's case. The appellant was a voluntary observer and made a remark intended to praise or encourage the sexual behavior his friend was displaying. In so doing, the appellant was an active participant with Cpl Malone. We conclude that this is sufficient to satisfy the first element of the offense. Accordingly, the first assignment of error is without merit.

### Sufficiency of the Specification

■ The appellant's second assignment of error asserts that Specification 2 of Charge IV fails to state an offense because the appellant is not alleged to have committed an indecent act in conjunction with another person. A specification is sufficient if it alleges every element of the charged offense expressly or by necessary implication. RULE FOR COURTS-MARTIAL 307(c)(3), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2000 ed.). The specification, as plead to by the appellant with exceptions and substitutions, provides:

In that Sergeant Marlon R. Johnson Jr, U.S. Marine Corps, on active duty, did, at Hobart, Tasmania, Australia, on or about 13 June 2000, wrongfully commit an indecent act with Corporal Marcus Malone, U.S. Marine Corps by watching Corporal Malone have sexual intercourse with [JB], a person who had not attained the age of 16.

Charge Sheet; Record at 13. Looking to the four corners of the specification, we conclude it is sufficient and the assignment of error is thus without merit.

### Conclusion

Accordingly, the findings of guilt and the sentence, as approved by the convening authority, are affirmed.

Chief Judge DORMAN and Senior Judge PRICE concur.