**UNITED STATES**

v.

**Sergeant Karl A. LYONS, FR 089–56–5631, United States Air Force.**

**ACM 28026.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 30 May 1989.

Decided 9 March 1990.

---

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Major Ronald G. Morgan.

Appellate Counsel for the U.S.: Colonel Joe R. Lamport, Major Terry M. Petrie and Captain James C. Sinwell.

Before HODGSON, SPILLMAN and PRATT, Appellate Military Judges.

## DECISION

PRATT, Judge:

At a general court-martial composed of members, appellant was found guilty of carrying a concealed weapon and committing two aggravated assaults. He was sentenced to a bad conduct discharge, confinement for 20 months, forfeiture of $350 pay per month for 20 months, and reduction to airman basic.

On appeal, appellant raises two errors and directs our attention to several invited issues. Although the two assigned errors warrant discussion, we find no merit in these, or in the invited issues, and affirm.

The two assigned errors involve appellant's conviction for unlawfully carrying a concealed weapon, in violation of Article 134, UCMJ, 10 U.S.C. § 934. Appellant contends (1) that the prosecution failed to prove the offense because it presented no evidence as to a necessary element, i.e., that the carrying of the concealed weapon was unlawful, and (2) that the offense was multiplicious for sentencing with the aggravated assault offenses.

I

Prior to the 1984 Manual For Courts–Martial, the offense of unlawfully carrying a concealed weapon was one of many under Article 134 for which elements were not formally delineated in the Manual. This is not, however, the first time the issue of its elements has been raised. The issue was squarely addressed in *United States v. Thompson*, 3 U.S.C.M.A. 625, 14 C.M.R. 38 (1954), wherein the Court of Military Appeals rejected a contention that carrying a concealed weapon was not "unlawful" unless there was a showing that the weapon's concealment was either (1) specifically forbidden by a military regulation, or (2) was accompanied by an intent to commit an unlawful act. In so doing, the Court stated:

> The vice of carrying the weapon is that the intent to use it unlawfully may be formed at any time. When the urge to kill, rob, or steal is formed, the weapon is handy. Making the concealed possession a crime is for preventative purposes.

*Thompson*, 14 C.M.R. at 42. Although the sample specification included the term "unlawfully," *see* MCM, App. 6c(175) (1951), the Court made it clear at the outset that carrying a concealed weapon is an offense cognizable under Article 134, UCMJ, *without regard to local law*. Thus, the term "unlawful" does *not* call for reference to whatever state statute may be in effect at or near an accused's situs. *Thompson*, 14 C.M.R. at 40–41. *Accord, United States v. Bishop*, 2 M.J. 741 (A.F.C.M.R.1977), *pet. denied*, 3 M.J. 184 (1977); *United States v. Tobin*, 17 U.S.C.M.A. 625, 38 C.M.R. 423 (1968). Without speaking specifically in terms of "elements," the Court went on to clarify that all that was needed to establish the offense was proof:

(1) that the accused concealed a weapon on or about his person;

(2) that the weapon was in fact dangerous; and

(3) that the conduct would bring discredit on the military service.

14 C.M.R. at 42. As to the possibility that an accused may have *lawfully* carried a concealed weapon, the Court reasoned:

Of course, it is possible to contend that, under certain circumstances, a member of the military may have specific authorization to carry a concealed weapon.... But if unusual assignments place an accused in an excepted class, *we believe it just and proper for him to make an issue of that status and move forward with some type of showing.* "It is consistent with all the constitutional protections of accused men to throw on them the burden of proving facts particularly within their knowledge and hidden from discovery by the Government." [Citations omitted.] ... It would have been a simpler matter for the accused to have raised an issue that his possession of the revolver was authorized or otherwise lawful, and, therefore, could not be characterized as illegal, if such was the case. Having made no attempt to do so, we perceive no unfairness or injustice in a view which holds him accountable for his possession.

*Thompson*, 14 C.M.R. at 42–43 (Emphasis added). Thus, the Court placed on the accused the burden of coming forward with information which would qualify him for an exception.

With this as a backdrop, we now have the 1984 Manual For Courts–Martial which, for the first time, devotes a separate paragraph to each of the sample offenses listed as violative of Article 134. Each paragraph, again for the first time, includes a formal delineation of the elements of the offense. As relates to the offense of carrying a concealed weapon, the Manual includes as an element that the carrying of the weapon was unlawful. While appellate government counsel continue to rely on the principles of *Thompson*, appellate defense counsel apparently view this as a new element, requiring the prosecution to produce affirmative evidence of unlawfulness. The failure of the prosecution to do so in this case, contend appellate defense counsel, entitled the appellant to a finding of not guilty. We disagree.

■ Our reading of the *Thompson* case convinces us that the unlawful nature of the carrying has always been an element of this offense. As quoted above, the Court of Military Appeals in *Thompson*, recognizing the rarity of lawful concealment in the military, simply shifted to the accused the burden of coming forward with evidence that his concealment of a weapon was lawful. In effect, then, the Court established that the element of unlawfulness (much like the element of wrongfulness under Article 112a, 10 U.S.C. § 912a) may be inferred by the factfinders in the absence of evidence to the contrary. We see nothing in case law, in the 1984 Manual, or in the Analysis section thereof* to indicate any intent to change this treatment of the element of unlawfulness as it relates to this offense.

■ Inasmuch as we find that a permissible inference exists with regard to the element of unlawfulness, we also find that military judges should provide appropriate instructions to court members regarding the existence and application of the inference. Specifically, in providing instructions to the court members on the elements of the offense of unlawfully carrying a concealed weapon, military judges should inform the court members (1) that carrying a concealed weapon is unlawful unless it is specifically authorized by military regulation or competent military authority or is necessitated by the exigencies of military service, (2) that carrying a concealed weapon may be inferred to be unlawful in the absence of evidence to the contrary, and (3) that drawing this inference is not required. Such an instruction will enable the court members to properly fulfill their duty with regard to this element of the offense.

* MCM, Appendix 21, Part IV, paragraph 112 (1984).

■ The absence of such a clarifying instruction in this case will be tested for prejudice. *United States v. Mance,* 26 M.J. 244 (C.M.A.1988). It is abundantly clear from the facts and circumstances of this case that the appellant had no authority to carry a concealed weapon. Thus, had the instruction been given, it seems certain that the inference of unlawfulness would have been readily drawn. Under these circumstances, the lack of such an instruction, far from prejudicing the appellant, actually gave him a distinct advantage. It enabled his counsel to argue that the prosecution, having failed to produce any evidence on this element, had failed to meet its burden of proof, thereby entitling the appellant to a finding of not guilty. In other words, the lack of an instruction worked to the disadvantage of the prosecution, not the appellant. Accordingly, we find any error to have been harmless.

## II

In a second assigned error, appellant asserts that the military judge erred by failing to find the specification alleging the unlawful' carrying of a concealed weapon multiplicious for sentencing purposes with the specifications alleging aggravated assault.

On the evening in question, appellant was returning to the scene of a beating he had received earlier that day. Dropped off by his friends a few blocks from his destination, appellant placed a gun in his pocket and walked the rest of the way. As he neared his eventual victims, he withdrew the gun from his pocket and held it at his side. A moment later, he fired his weapon several times in the direction of one victim, whom he missed, and caught the other victim in the leg with a ricochet. On appeal, as he did at trial, appellant argues that the concealed weapon offense occurred immediately before the assaults and involved a weapon which was the means by which the assaults were committed. Despite a concession by the trial counsel that the offenses were multiplicious, the trial judge found otherwise.

■ Although, as the facts reflect, the carrying of the concealed weapon and the use of that weapon to commit the assaults occurred in the same relative "flow of events," the two offenses are elementally separate and are not so closely intertwined in time or in nature as to render them multiplicious for sentencing. While we concede appellate defense counsel's point that possession of the weapon was a necessary predicate to its use in the assaults, we hasten to point out that *concealment* of the weapon was not. Furthermore, as the first quoted passage above reflects, the offense of carrying a concealed weapon addresses a societal interest which is separate and distinct from any subsequent use, or intended use, of the weapon. For these reasons, we find that the trial judge was correct in declining to find these offenses multiplicious. *Accord, United States v. Jessie,* 2 M.J. 573 (A.C.M.R.1977), *pet. denied* 3 M.J. 254 (1977).

## III

We have carefully considered each of the several remaining issues to which our attention was invited and resolve each adversely to the appellant.

We find that the approved findings of guilty and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Accordingly, the findings of guilty and the sentence are AFFIRMED.

Chief Judge HODGSON and Judge SPILLMAN concur.