**UNITED STATES, Appellee,**

v.

**Karl A. LYONS, Sergeant, U.S. Air Force, Appellant.**

No. 64,858.
ACM 28026.

U.S. Court of Military Appeals.

Argued Feb. 13, 1991.

Decided Sept. 9, 1991.

For Appellant: *Major Ronald G. Morgan* (argued); *Lieutenant Colonel Jeffrey R. Owens* (on brief); *Colonel Richard F. O'Hair.*

For Appellee: *Major Scott W. Stucky,* USAFR (argued); *Lieutenant Colonel Brenda J. Hollis* and *Captain James C. Sinwell* (on brief); *Major Paul H. Blackwell, Jr.*

*Opinion of the Court*

EVERETT, Senior Judge:

Despite his not-guilty pleas, a general court-martial with officer members convicted Lyons of two specifications of aggravated assault (shooting one person with a pistol and shooting at another) and one specification of carrying a concealed weapon, in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 USC §§ 928 and 934, respectively. The court-martial sentenced appellant to a bad-conduct discharge, confinement and forfeiture of $350.00 pay per month for 20 months, and reduction to the lowest enlisted grade. The convening authority approved these results, and the Court of Military Review affirmed. 30 MJ 724 (1990).

Before us, Lyons asserts that an essential element of the concealed-weapon offense is that the carrying was unlawful and that the evidence was legally insufficient to prove this element beyond a reasonable

doubt. As appellant points out, the military judge instructed the members that one element of this offense was "[t]hat the carrying was unlawful," but—to quote the defense brief in this Court—"[n]o regulation or federal law or state law was ever introduced which made carrying a concealed weapon a crime."

Essentially, appellant's contentions pose two questions: Is unlawfulness of the carrying of the concealed weapon an essential element of this offense; and, if so, what is required of the prosecution to carry its burden of proof on that element?

I

■ As to the first, appellant argues that the Manual for Courts–Martial, United States, 1984, effectively introduced unlawfulness of the carrying as an essential element of this offense. He observes that the 1984 Manual specifically discusses this offense and, in doing so, includes this unlawfulness as an element, *see* para. 112b(2), Part IV. Therefore, inasmuch as prior versions of the Manual did not expressly include unlawfulness of the carrying as an element, he argues that the 1984 Manual reflects a conscious intent by the President to change the law in this regard and to add a new evidentiary requirement.

We agree with appellant that unlawfulness is an essential element, but we disagree that the 1984 Manual accomplished any transformation in this regard. It is true that no earlier version of the Manual discussed carrying a concealed weapon as an offense under Article 134, in the manner in which the 1984 edition does. *Compare* para. 112b(2), Part IV, 1984 Manual, *supra, with* para. 213*f,* Manual for Courts–Martial, United States, 1969 (Revised edition); para. 213*d,* Manual for Courts–Martial, United States, 1951; and para. 183, Manual for Courts–Martial, U.S. Air Forces, 1949. However, this offense was not alone in that regard; prior Manuals actually *discussed* only a small handful of acts and omissions that long had been recognized as conduct proscribed as prejudicial to good order and discipline or service discrediting under the general article of the Uniform Code of Military Justice or the earlier Articles of War.

Appellant fails to acknowledge that each of these earlier versions of the Manual *did* include this offense in its listing of model specifications; and, in each instance, the relevant model specification suggested alleging that the accused "unlawfully carr[ied] a concealed weapon...." *See* Form No. 186, 1969 Manual, *supra* at A6–26; Form No. 175, 1951 Manual, *supra* at 495; and Form No. 133, 1949 Manual, *supra* at 328. This pattern continues, as well, in the sample specification in paragraph 112f, 1984 Manual, *supra,* and the Drafters' Analysis of paragraph 112 contains no indication that they believed they had wrought any substantive change as to this offense. *See* 1984 Manual, *supra* at A21–105 (Change 3).

Accordingly, we conclude that unlawfulness of the carrying of a concealed weapon is an element post–1984 in precisely the same way that it was ante–1984.

II

■ That decided, the question then becomes, how may the prosecution carry its burden of proof as to this element? This Court's decisions in *United States v. Tobin,* 17 USCMA 625, 38 CMR 423 (1968); and *United States v. Thompson,* 3 USCMA 620, 14 CMR 38 (1954), are dispositive. As the Court of Military Review reasoned, under this precedent the Government may rely upon a permissible inference that the carrying was unlawful. 30 MJ at 726; *cf. United States v. Mance,* 26 MJ 244, 254 (CMA) ("In prosecutions for either possession or use of a controlled substance, the presence of that substance could permit a logical inference under appropriate circumstances that the accused had the requisite knowledge of its presence" and the requisite knowledge of the contraband character of the substance; "and th[ese] permissive inference[s] would be legally sufficient to satisfy the Government's burden of proof as to [both aspects of] knowledge."), *cert. denied,* 488 U.S. 942, 109 S.Ct. 367, 102 L.Ed.2d 356 (1988); para. 37c(5), Part IV,

**90**

1984 Manual, *supra* ("Possession, use, distribution, introduction, or manufacture of a controlled substance may be inferred to be wrongful in the absence of evidence to the contrary.").

Appellant complains that "[s]uch a shifting [of the burden of going forward] is impermissible. *See Leary v. United States*, 395 U.S. 6 [89 S.Ct. 1532, 23 L.Ed.2d 57] (1969)." Actually, *Leary* stands for precisely the opposite conclusion.

Relying on *Tot v. United States*, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943), the Supreme Court held in *Leary* that such a permissible inference was lawful where it "can ... be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend." 395 U.S. at 36, 89 S.Ct. at 1548 (footnote omitted). To state it another way, a permissible inference as to an essential element is constitutional if there is a "rational connection between the fact proved and the ultimate fact presumed ... [T]he inference [must not be] so strained as not to have a reasonable relation to the circumstances of life as we know them ... " 319 U.S. at 467–68, 63 S.Ct. at 1244–45, quoted with approval, 395 U.S. at 33–34, 89 S.Ct. at 1546–47. *Accord County Court of Ulster County, New York v. Allen*, 442 U.S. 140, 157, 99 S.Ct. 2213, 2225, 60 L.Ed.2d 777 (1979)("Because this permissive presumption leaves the trier of fact free to credit or reject the inference and does not shift the burden of proof, it affects the application of the 'beyond a reasonable doubt' standard only if, under the facts of the case, there is no rational way the trier could make the connection permitted by the inference.").

Lyons has not satisfactorily demonstrated the invalidity of this permissible inference when applied to him under the circumstances of this case. *Cf. id.* ("When reviewing [a permissive inference or presumption], the Court has required the party challenging it to demonstrate its invalidity as applied to him."). At the time of his misdeeds, appellant was a sergeant (E-4) in the Air Force, assigned to an organizational maintenance squadron. All indications in the testimony and documents at trial were that his military duties involved—and were limited to—stereotypical maintenance functions. Under these circumstances, we are satisfied that to infer that the carrying of a concealed weapon by an airman of this rank and with this duty assignment was unlawful bears "a reasonable relation to the circumstances of life as we know them" in the United States Air Force. Thus, the unlawfulness of appellant's carrying a concealed weapon was more likely than not.

■ Appellant also complains that, even if an inference of unlawfulness was permissible here, the military judge failed to instruct thereon, so the members could not rely upon it in determining appellant's guilt. This is a curious claim.

Certainly, a military judge must instruct as to each necessary element of an offense; and an omission in this regard "may not be tested for harmlessness because, thereby, the court members are prevented from considering that element at all." *United States v. Mance, supra* at 255. Here, however, the military judge did charge the members that, to convict appellant of the offense in issue, they must find that the carrying of the concealed weapon was unlawful.

The only error in this instruction was omission of advice to the members that they could rely upon an inference of unlawfulness from the fact of the carrying *—an instruction which, under the facts of this case, was an instruction that would have benefited the *Government*, not Lyons. Surely, the military judge's failure to advise the members that they could rely upon a logical inference that reasonably relates

---

* The military judge's instruction on circumstantial evidence was based on paragraph 7–3, *Military Judges' Benchbook* 7–5 (Dept. of the Army Pamphlet 27–9 (1982)), which does not refer to reasonable inferences. Perhaps this instruction should be modified to reflect the definition of circumstantial evidence set out in RCM 918(c), Discussion, Manual for Courts-Martial, United States, 1984.

to the circumstances of life as we know them does not foreclose the members from drawing that inference entirely on their own initiative. Accordingly, we are sure that the military judge's failure to instruct on this permissible inference did not prejudice appellant. *See id.* at 256. *See also Rose v. Clark,* 478 U.S. 570, 106 S.Ct. 3101, 92 Ld.Ed.2d 460 (1986).

### III

In summary, we hold—consistent with our precedent—that unlawfulness of the carrying is an essential element of the offense of carrying a concealed weapon under the first two clauses of Article 134 and that such unlawfulness may be inferred, absent some evidence to the contrary, from the fact of the carrying.

The decision of the United States Air Force Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judge COX concur.