UNITED STATES

v.

Airman Kamau A. DAVIS, United
States Air Force.

ACM S29680.

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 31 March 1999.

Decided 13 March 2001.

Appellate Counsel for Appellant: Colonel Jeanne M. Rueth and Major Stephen P. Kelly.

Appellate Counsel for the United States: Colonel Anthony P. Dattilo, Lieutenant Colonel Ronald A. Rodgers, and Major Karen L. Manos.

Before YOUNG, Chief Judge, BURD, and PECINOVSKY, Appellate Military Judges.

## OPINION OF THE COURT

YOUNG, Chief Judge:

Pursuant to a pretrial agreement, in which the convening authority agreed "to not take disciplinary or administrative action ... against the accused for any other act of alleged misconduct occurring on 16, 17, and 31 October 1998, 21 November 1998, and 7, 8, and 26 February 1999," the appellant pled guilty to two assaults, carrying a concealed weapon, and being drunk and disorderly. Articles 128, 134, UCMJ, 10 U.S.C. §§ 928, 934. The military judge accepted the appellant's pleas and sentenced him to a bad-conduct discharge, confinement for 2 months, and reduction to E–1. The convening authority approved the sentence adjudged. The appellant claims that his pleas to carrying a concealed weapon and being drunk and disorderly were improvident and the military judge erred by considering evidence that had not been admitted. We affirm.

### I. Providence of the Pleas

■ We review the military judge's acceptance of a guilty plea for an abuse of discretion. *United States v. Eberle*, 44 M.J. 374, 375 (1996). Once the military judge has accepted a plea as provident and has entered findings based on it, an appellate court will not reverse that finding unless the appellant establishes a substantial conflict between the plea and the accused's statements or other evidence of record. *United States v. Grimm*, 51 M.J. 254, 257 (1999). The "mere possibility" of such conflict is not a sufficient basis to overturn the trial results. *United States v. Prater*, 32 M.J. 433, 436 (C.M.A.1991) (citing *United States v. Logan*, 47 C.M.R. 1, 3, 1973 WL 14641 (C.M.A.1973)).

### A. Carrying a Concealed Weapon

■ "[T]he carrying of a concealed weapon is an offense which offends against the second subdivision of Article 134." *United States v. Thompson*, 14 C.M.R. 38, 41, 1954 WL 2086 (C.M.A.1954). The elements of the offense of carrying a concealed weapon are as follows: (1) That the accused carried a certain weapon concealed on or about his person; (2) That the carrying was unlawful; (3) That the weapon was a dangerous weapon; and (4) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces. *Manual for Courts Martial, United States*, Part IV, ¶ 112b (1998 ed.). Carrying a concealed weapon is unlawful despite the absence of a regulation, statute, or order proscribing such conduct. *United States v. Lowe*, 16 C.M.R. 228, 232–33, 1954 WL 2445 (C.M.A.1954) (citing *Thompson*). To establish that the carrying was unlawful, the prosecution may rely upon a permissive inference that in the absence of evidence to the contrary, the carrying was unlawful. *United States v. Lyons*, 33 M.J. 88, 89 (C.M.A.1991); *Thompson*, 14 C.M.R. at 42.

■ The appellant argues (a) the military judge provided misleading and erroneous advice when advising him of the elements of the offense, (b) the weapon was not dangerous, and (3) his carrying of it was not unlawful.

After advising the appellant of the elements of the offense, the military judge defined some of the terms used in those elements. She advised the appellant that a dangerous weapon was one "specifically designed for the purpose of doing grievous bodily harm or was used or intended to be used by the accused to do grievous bodily

harm, then I don't see that some of that applies." She also told him that grievous bodily harm "means serious kind of harm to a body or person, which would mean like fractured or dislocated bones, deep cuts, torn members of the body, serious damage to internal organs, and other serious bodily injury." But, then the judge ad libbed: "And what that would mean is something could be used in a manner that could produce grievous—for the purpose of doing grievous bodily harm." After the appellant agreed that the knife was a dangerous weapon, the judge asked, "In other words, it could be used in a manner which could inflict grievous bodily harm, although you never used it in that manner, you agree?"

■ The appellant takes exception to the judge defining a dangerous weapon in terms of how it was used, or how it was intended to be used, under the facts of his case. While we are concerned about the military judge's unartful explanation of the definition of "dangerous weapon," we are not convinced there was any prejudice to the appellant. Article 59(a), UCMJ, 10 U.S.C. § 859(a). Depending upon their design and construction, knives may or may not be classified as dangerous weapons as a matter of law. *United States v. Bussard*, 31 C.M.R. 448, 450, 1961 WL 4604 (N.B.R.1961). Airman Kishel and Airman First Class Jiminez identified Appellate Exhibit V as a photograph of the same type of knife the appellant used in the assaults and concealed on his person. Although the photograph should have been admitted as a prosecution exhibit (see Section II), it was incorporated by reference into the testimony of Airman Kishel and Airman First Class Jiminez. The photograph shows a knife specifically designed for the purpose of doing grievous bodily harm. This knife is a dangerous weapon as matter of law. There is no substantial conflict between the appellant's admission that the knife was a dangerous weapon, the definition given by the military judge, and the other evidence of record.

The appellant also objects to the military judge's explanation that, in the absence of evidence to the contrary, the carrying of a concealed weapon could be inferred to be wrongful, although the drawing of such infer-

ence was not required. The judge's explanation of the inference is a correct statement of the law. *Lyons*, 33 M.J. 88, 89–90.

■ The appellant asserts that the military judge failed to elicit from the appellant evidence that the weapon was dangerous or that the carrying of the weapon was unlawful. The factual predicate for a guilty plea is sufficiently established if "the factual circumstances as revealed by the accused himself objectively support that plea...." *United States v. Faircloth*, 45 M.J. 172, 174 (1996) (quoting *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A.1980)). The appellant admitted the knife was a dangerous weapon and that he had no justification or excuse for carrying it. The appellant's admissions objectively support the plea.

■ The appellant suggests that the appellant's guilty plea should be overturned because there was no evidence that his carrying the knife violated any law, statute, ordinance, or regulation. There is no such requirement. *Lowe*, 16 C.M.R. at 232–33. If there were, the prosecution would not be able to rely on the inference that carrying a dangerous weapon in a concealed manner is unlawful in the absence of credible evidence to the contrary. The appellant specifically admitted that he had no justification or excuse for carrying the knife. The appellant's citation to *United States v. Fowler*, 5 C.M.R. 481, 1952 WL 2185 (A.F.B.R.1952) and to *United States v. Rodrigues*, ACM 31091, 1995 WL 730271 (A.F.Ct.Crim.App. 22 Nov. 1995) (unpub. op.) is misplaced. *Rodrigues* is based on *Fowler*, and *Fowler* was clearly overruled *sub silentio* by our superior court in *Thompson* and *Lowe*.

### B. Drunk and Disorderly

The appellant has failed to show any substantial conflict in his guilty plea to being drunk and disorderly. The military judge properly advised the appellant of the elements of the offense and defined the terms used therein. The appellant voluntarily conceded that his conduct amounted to being drunk and disorderly. The military judge did not abuse her discretion in accepting the plea.

## II.  Viewing the Appellate Exhibit

During the sentencing proceeding, the prosecution showed a picture of a knife to two witnesses who testified that it looked like the knife the appellant carried.  Apparently not fully understanding that such items of demonstrative evidence are admissible as prosecution exhibits, the trial counsel asked the military judge to label it as an appellate exhibit.  Although the appellant did not object at trial, he now contends that his sentence to a bad-conduct discharge "for a case that essentially involved two simple assaults indicates that the appellate exhibit's impact was substantial."  We disagree.

The photograph should have been identified as a prosecution rather than an appellate exhibit.  Regardless, we cannot reverse unless an error was prejudicial to the appellant's substantial rights.  Article 59(a), 10 U.S.C. § 859(a).  This is not such a case.  The testimony of the two witnesses that the knife in the photograph appeared to be of the same sort as the one concealed by the appellant was clearly admissible.  The photograph was thereby incorporated by reference into their testimony and the military judge was entitled to consider it.  The error in marking the photograph as an appellate exhibit did not affect the appellant's sentence.

## III.  Conclusion

The findings are correct in law and fact, and no error prejudicial to the substantial rights of the appellant occurred.  Accordingly, the findings and sentence are

AFFIRMED.